Jesus **TRINIDAD, Jr., and Bruno Martinez, individually and on behalf of all others similarly situated, Plaintiffs-Appellants,**

v.

**Alfred H. KOEBIG et al., Defendants-Appellees.**

**No. 79–2750.**

United States Court of Appeals, Fifth Circuit.
Unit A

March 5, 1981.

Rehearing and Rehearing En Banc Denied April 2, 1981.

Vilma S. Martinez, Linda Hanten, Morris J. Baller, Mexican American Legal Defense & Ed. Fund, San Francisco, Cal., Joaquin G. Avila, Mexican American Legal Defense & Ed. Fund, San Antonio, Tex., for plaintiffs-appellants.

Foster, Lewis, Langley, Gardner & Banack, Emerson Banack, Jr., William T. Armstrong, III, San Antonio, Tex., for defendants-appellees.

Before GOLDBERG, POLITZ and SAM D. JOHNSON, Circuit Judges.

SAM D. JOHNSON, Circuit Judge:

In *Ramos v. Koebig*, No. 79–2316, 638 F.2d 838 (1981), also decided this day, plaintiffs brought suit on behalf of all eligible voters in Seguin, Texas, to force the Seguin City Council to formulate a redistricting plan for the city ward system that is not malapportioned and that does not dilute minority voting strength. The Council admitted the unconstitutionality of the 1962 apportionment plan, and agreed to an injunction preventing future city elections under that plan. Thereafter, the district court in *Ramos* held a remedy hearing to evaluate the redistricting plans presented both by the Council and the minority plaintiffs. The district court adopted the Council's plan without modification and ordered the Council to implement the plan.

When the Council manifested its intention not to submit the plan for federal preclearance under section 5 of the Voting Rights Act, 42 U.S.C. § 1973c, prior to the August 11, 1979 election, plaintiffs filed this enforcement proceeding. Plaintiffs argue that under *Wise v. Lipscomb*, 437 U.S. 535, 98 S.Ct. 2493, 57 L.Ed.2d 411 (1978), the plan adopted by the district court is a legislative, or court-approved plan, rather than a court-ordered plan, and that federal preclearance therefore is necessary. The district court, relying upon *East Carroll Parish School Board v. Marshall*, 424 U.S. 636, 96 S.Ct. 1083, 47 L.Ed.2d 296 (1976), concluded that the plan was a court-ordered plan, and thus exempt from the federal preclearance requirements. Consequently, the court denied plaintiffs' motion to convene a three-judge district court, and dismissed the complaint on the grounds that plaintiffs' section 5 claim was "insubstantial." The court also refused to enjoin the August 11, 1979, city council elections conducted under the new plan, as did this Court. Plaintiffs appeal both the district court's refusal to convene a three-judge district court to consider their Voting Rights Act claims, and the subsequent dismissal of the complaint.

In *Ramos*, we held that the district court erred in ruling upon the constitutionality of the Seguin City Council's proposed plan without first affording the Council an opportunity to follow the procedures necessary to enact the plan, including compliance with the preclearance requirements of the Voting Rights Act. We also noted that the Council's plan will not be effective as law until it has obtained preclearance, and that if the Council is unable to obtain preclearance the district court will be required to devise and impose its own temporary plan.

In light of our holding in *Ramos*, the district court's refusal to convene a three-judge court, and its dismissal of plaintiffs' complaint in the instant case, was erroneous. Although the usual procedure in these circumstances would be to remand the case to the district court with instructions to convene a three-judge court for the purpose of determining whether the challenged plan is subject to the preclearance requirements, our decision in *Ramos* is dispositive of that question. Consequently, in the interest of judicial economy, we hold that the plan is subject to federal preclearance. *See Perkins v. Matthews*, 400 U.S. 379, 91 S.Ct. 431, 436, 27 L.Ed.2d 476 (1971).

On remand, the district court is instructed to enter an order allowing the Council

thirty days within which to apply for approval of the redistricting plan, and to issue an injunction restraining any future elections under that plan until such time as the Council adequately demonstrates compliance with section 5. If the Council is unable or unwilling to secure preclearance, the district court may, on appropriate motion, order such further relief as is necessary and appropriate. *Berry v. Doles*, 438 U.S. 190, 98 S.Ct. 2692, 57 L.Ed.2d 693 (1978); *Georgia v. United States*, 411 U.S. 526, 93 S.Ct. 1702, 1711, 36 L.Ed.2d 472 (1973); *Perkins v. Matthews*, 400 U.S. 379, 91 S.Ct. 431, 27 L.Ed.2d 476 (1971).

REVERSED AND REMANDED.